THE UNITED STATES DISTRICT COURT TO SOUTHERN DISTRICT OF WEST VIRGINIA

KRISTEN MOORE and
CHRISTOPHER MOORE,
Husband and Wife,

      Plaintiffs,

V                              CIVIL ACTION NO.:  5:21-cv-00163

UNITED STATES OF AMERICA,

      Defendant.

## COMPLAINT

COMES Plaintiffs, Kristen Moore and Christopher Moore, by counsel, Michael E. Froble, filing this ORIGINAL COMPLAINT FOR DAMAGES UNDER THE FEDERAL TORT CLAIM ACT FOR MEDICAL MALPRACTIC AND NEGLGENCE against the United States of America and Department of Health and Human Services (DHHS) for medical malpractice, loss of consortium and negligence on the part its of employees requesting monetary and compensatory damages.

    **I.**    **JURISDICTION VENUE AND CONDITIONS PRECEDENT**

1. Plaintiffs, Kristen Moore and Christopher Moore, husband and wife, are residents of Raleigh County residing at 114 Cemetery Drive, Beaver, West Virginia 25801, which is within the Southern District of West Virginia.

2. On August 15, 2020, Plaintiffs presented an Administrative Tort Claims under Federal Tort Claims Act (FTCA), 20 U.S.C. Section 1346(b), 2401(b), 2571-80, alleging that Dr. Judson Lindley, an employee of Community Health Services, Inc., also known as Access Health, committed medical malpractice in his treatment, surgery, and

aftercare treatment of Kristen Moore resulting in permanent injuries and damages and loss of consortium by which Plaintiffs are requesting non-economic, economic, past and future pain and suffering, medical expenses, emotion distress and other compensatory damages allowable under the West Virginia Professional Liability Act.

      3.      Plaintiffs secured a Certification of Merit and complied with all of the pre-screening Notice requirements contained in West Virginia Code 55-7-B-6.

      4.      This Court has jurisdiction over these claims against Defendant, United States of America, pursuit to 28 U.S. Code 1346 (b) and 2671 – 2680.

      5.      Venue is appropriate in the Southern District of West Virginia, pursuant to 28 U.S.C. 1391 (b), as the place wherein a substantial parts or omissions given rise to the claim occurred.

      6.      This suit has been timely filed, in accordance with 28 U.S.C. 2679, in that Plaintiffs timely served Notices of their claims on United States Department of Health and Human Services, Office of General Counsel, General Law Division, 330 Independence Avenue, SW, Washington, D.C. 20201. Attached are the Form 95's as Exhibits A and B.

      7.      The claims were deemed as denied because the United States Department of Health and Human Resources did not respond within six (6) months of serving the Form 95's.

      8.      Under the FTCA, the act and omissions was such that the United States, is a private person, would be liable to plaintiffs in accordance with the law of the State of West Virginia in accord with 28 U.S. Code Section 2672.

9. Plaintiffs properly served their Administrative Tort Claim on Defendant on August 15, 2020. Defendant has failed to admit or deny the claim allowing Plaintiffs the option of filing suit against United States after a six (6) month period after Defendant has failed to make a determination under 28 CFR Section 2401 (b).

10. Jurisdiction and a venue are proper in this Court.

11. Plaintiffs have fulfilled all the conditions precedent prior to the filing of this Civil Action.

12. Venue is proper in that all, or a substantial part of the acts and omissions forming the basis of the claim occurred in the Southern District of West Virginia, and arose resulted within the scope of employment of Dr. Judson Lindley who was an employee of Community Health Services, inc., which is a division of the United States Department of Health and Human Services (HHS).

13. This suit has been timely filed and Plaintiffs have fulfilled the requirements under 28 U.S. Code Section 2675 of the FTCA.

II. **EVENTS FORMING THE BASIS OF THE CLAIM**

1. Defendant, United States of America vicariously liable for the actions and inactions of the healthcare providers, including Judson Lindley, M.D., employed by Community Health Services, Inc., doing business as Access Health.

2. The acts and events set forth below constitute negligent and wrongful acts and omissions of agents and employees of the United States government, *inter alia* medical malpractice, while acting within the scope of their offices and employment, under circumstances where the Defendant United States of America, if a private person, would be liable to Plaintiffs in accordance with the laws of the State of West Virginia.

3. On August 17, 2018, Dr. Lindley performed a surgery on Kristen Moore in which he damaged her bladder and he negligently attempted to repair the bladder rather than have a urologist present or on call during the surgery allowing the urologist to repair the bladder thereby meeting the Standard of Care required. Such failure to meet the Standard resulted in permanent injury to Plaintiff.

4. Dr. Lindley had examined Plaintiff and recommended the surgery knowing the possibility of his incurring complications based upon the complexity of Plaintiff's medical condition that necessitated surgery. Dr. Lindley as an employee of Community Health Services, Inc., also known as Access Health, performed the surgery at Raleigh General Hospital, Beckley, Raleigh County, West Virginia. Dr. Lindley did not have a urologist present during the surgery nor did he make arrangements to have a urologist on call if he encountered complications.

3. Dr. Lynetta Faith Payne was the urologist employed and utilized by Raleigh General Hospital, but was out of town and not available. There is a dispute as to whether Dr. Lindley made telephonic contact with Dr. Payne during the surgery. Dr. Lindley told Plaintiff that he did, but Dr. Payne has no recollection of any telephonic surgically consult with Dr. Lindley.

4. Plaintiffs filed a Notice of Claim against Dr. Payne and Raleigh General Hospital, but did not file a lawsuit primarily based upon the attorney representing Dr. Payne and Raleigh General Hospital representing that Dr. Payne did not recall any telephonic surgical consult with Dr. Lindley.

5. Plaintiff had to be re-admitted to Raleigh General Hospital after the surgery for a week for a possible infection and Dr. Lindley saw Plaintiff, but failed to

provide a urological consult, which was required under the Standard of Care. Such consult would have revealed that Dr. Lindley did not meet the Standard of Care in repairing Plaintiff's bladder and her bladder was leaking. Dr. Lindley purposely decided not to allow Plaintiff to be examined by a urologist hoping that the leak would repair itself and Plaintiff would not be aware that he had negligently attempted to repair the bladder, which should have been repaired by a urologist.

6. On Plaintiff's re-admission on August 27, 2018, and despite numerous requests by Plaintiff for urologist referral to have Dr. Payne examine and treat her based upon Plaintiff's belief that she had performed a telephonic surgical consult during the August 17th surgery performed by Dr. Lindley.

7. Based upon continued problems associated with leakage of the bladder, Dr. Lindley finally got Plaintiff an appointment with Dr. Payne, who examined Plaintiff and told her that if she had continued leakage to come back and she would come back and she would do a "tampon test". Dr. Payne did not acknowledge any telephonic consult with Dr. Lindley.

8. Plaintiff sought treatment with her family physician, Dr. Gary Poling, who got Plaintiff a referral to Wake Forrest, where she was examined and treated by Dr. Matthews, who provided Plaintiff a Standard of Care treatment that Dr. Lindley failed to provide. Dr. Matthews remained Plaintiff's primary care doctor. Dr. Matthews was critical of the care received by Plaintiff.

9. Based upon the deviation from the Standard of Care on the part of Dr. Lindley, Plaintiff had a prolonged recovery period from the surgery and damage to the bladder that Dr. Lindley did during the August 17th surgery resulting in Plaintiff suffering

post traumatic stress disorder (PTSD) and a permanent injury to her bladder. Plaintiff had to undergo avoidable medical treatment and suffered unnecessary pain and suffering and a loss of wage claim and loss of consortium regarding the intimacy and companionship of her husband, Christopher Moore, and her family.

10.  Mickey M. Karan, M.D. executed a Screening Certificate of Merit dated June 25, 2020, in accord with West Virginia code 55-7-B-6 opining that Dr. Lindley deviated from the Standard of Care and that as a direct and proximate of result of such deviation that Plaintiff suffered a serious and permanent injury. Dr. Karan also opined that Plaintiff suffered a loss of chance or opportunity for a better recovery based upon the deviation from the Standard of Care on the part of Dr. Lindley.

11.  Dr. Lindley deviated from the Standard of Care by attempting to perform a repair of the bladder, which the Standard of Care required to be performed by a urologist. Dr. Lindley was not qualified to perform the bladder repair and at minimum should have had a urologist on call or in person. Dr. Lindley recognized his requirement by falsely representing that he preformed the bladder repair during a telephonic consult with Dr. Payne and refused to allow a urological consult during Plaintiff's re-admission on August 27th.

12.  If Dr. Lindley would have met the Standard of Care, a qualified urologist either in person or by consult would have properly repaired Plaintiff's bladder or her recovery period would have been shorter with a better chance of not having a permanent injury to her bladder.

13.  As a direct and proximate result of the injuries and or deviation from the applicable Standard of Care constituting medical malpractice under West Virginia Law,

Plaintiff has incurred economic and non-economic damages and has suffered permanent and serious damages and has future damages.

### III. LOSS OF CONSORTIUM CLAIMS

1. Plaintiff, Kristen Moore, has a Loss of Consortium Claim under West Virginia Law based upon a loss of intimacy and companionship because of her physical and physiological injuries because of the deviation from the Standard of Care on the part of Dr. Lindley.

2. Plaintiff, Christopher Moore, the husband of Kristen Moore, has a separate derivative Loss of Consortium Claim because of the physical and emotional injuries suffered by Kristen Moore because of Dr. Lindley failing to meet the Standard of Care in her medical treatment. This loss of Consortium includes the loss of intimacy and companionship between Christopher Moore and Kristen Moore as husband and wife.

3. Kristen Moore and Christopher Moore both filed Loss of Consortium Claims in their Administrative Tort Claims thereby exhausting the Administrative remedies.

### IV. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Kristen Moore, is entitled to damages from the United States, and she does hereby pray that judgment be entered in her favor and against the United State Government based upon the acts and omissions, negligence and medical malpractice of Dr. Lindley as a physician and employee of Community Health Services, Inc., also known as Access Health, which is a division of United States Department of Health and Human Services (DHHS), an agency of the United States government.

Plaintiff, Christopher Moore, is entitled to damages based upon his loss of consortium claim as the husband of Kristen Moore as is Kristen Moore is entitled to a loss of consortium claim based upon the failure of Dr. Lindley failing to meet the Standard of Care as an employee of Community Health Services, Inc., also known as Access Heath, which is a division of United Stated Department of Health and Human Services (DHHS) an agency of the United States government.

The cost of the medical procedures performed and the cost of the subsequent avoidable medical procedures performed at Wake Forest Baptist Health.  Cost of any future medical treatment or medical monitoring.  Non-economic damages of pain and suffering, annoyance and inconvenience, humiliation, mental anguish, physical anguish with psychological distress, lost wages for lost employment , diminishment and earning capacity, attorney fees and other costs incurred by Plaintiffs.  Future non-economic damages, pain and suffering and other future damages and loss of consortium.  Any other relief deemed just and equitable by this Court.

WHEREFORE, Plaintiffs requests judgment against United States of America in their favor and is entitled to and seeks recovery for all costs and attorney fees incurred by their in the Civil Action, together with the other further and additional relief at law or equity that this Court may deem appropriate and proper.

                KRISTEN MOORE and CHRISTOPHER MOORE
                By counsel,

*/s/ Michael E. Froble*
Michael E. Froble
WV Bar#1300
1555 Harper Road
Beckley, West Virginia 25801
Telephone 304.252.9935
froblelaw@aol.com
Counsel for Plaintiffs